UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
LEONARDO MORALES,

               Plaintiff,

  -against-

COMMISSIONER OF SOCIAL
SECURITY,

               Defendant.
------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:18-cv-6906

*Appearances:*
*For the Plaintiff*:
EDDY PIERRE PIERRE, ESQ.
Pierre Pierre Law, P.C.
211 East 43rd Street, Suite 608
New York, NY 10017

*For the Defendant*:
RICHARD P. DONOGHUE, ESQ.
United States Attorney
Eastern District of New York
By: ARTHUR SWERDLOFF, ESQ.
Assistant United States Attorney
271 Cadman Plaza East, 7th Floor
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

Leonardo Morales seeks review of the Commissioner of Social Security's denial of his application for disability insurance benefits ("DIB"). Both parties move for judgment on the pleadings. For the following reasons, Morales' motion is granted, the Commissioner's motion is denied, and the case is remanded to the Commissioner for the calculation of disability benefits.

**I.**

Morales applied for benefits on September 22, 2014. After his claims were denied, Morales requested a hearing before an Administrative Law Judge ("ALJ").

1

Hearings were held on May 10, 2017 and October 25, 2017. The presiding ALJ, Gitel Reich, denied Morales benefits in a written decision on November 9, 2017. The ALJ concluded Morales has "multiple sclerosis" and "diabetes mellitus with mild retinopathy," which are "severe impairments." AR 13. Nevertheless, the ALJ found that Morales had the "residual functional capacity to perform sedentary work … except that he is unable to work at unprotected heights or around dangerous moving machinery" and "should avoid loud noises and extremes of temperature." AR 18.[1] The Appeals Council denied Morales' request for review on October 9, 2018.

## II.

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013).

---

[1] Prior to the onset of serious multiple sclerosis symptoms, Morales worked as a facilities clerk for an advertising agency, stage support technician for an event production company, and as a porter in a residential apartment building. *See* AR 282-85.

## III.

The ALJ violated the treating physician rule by affording too little weight to the opinion of Morales' neurologist, Dr. Nada Abou-Fayssal. This error was compounded by selective interpretation of the medical record and the failure to properly account for the degenerative nature of Morales' multiple sclerosis ("MS").

The treating physician rule requires the ALJ to give "controlling weight" to the opinion of the treating physician "as to the nature and severity of the impairment" unless it is "[in]consistent with other substantial evidence in [the] case record." *Stacey v. Comm'r of Soc. Sec. Admin.*, 799 F. App'x 7, 9 (2d Cir. 2020) (*quoting Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008)).

Dr. Abou-Fayssal noted that Morales had been diagnosed with MS in 2007 following "new onset headache and left facial numbness." AR 401. This was confirmed by imaging that showed lesions in the brain and cervical spinal cord. *Id*. Physically, Morales suffered from fatigue, headaches, difficulty focusing, and paresthesia, or a burning and prickling sensation in the body. *Id*. Numerous prescription medications and vitamins were ordered to combat these symptoms. Dr. Abou-Fayssal emphasized that MS is a "chronic" and "unpredictable disease associated with acute exacerbations" and "new neurological symptoms." *Id*. There

is no known cure. She concluded that Morales' "strong fatigue and cognitive deficits disable him from employment." *Id*.

In according Dr. Abou-Fayssal's opinion "little weight," the ALJ reasoned that her letter was undated and conclusory. AR 20. But to discount the letter because it was undated would be arrogating form over substance. And Dr. Abou-Fayssal's letter was hardly conclusory. To the contrary, when viewed in conjunction with the complete treatment records, her opinion was well-reasoned and supported by the record.

Notably, rather than focusing on the treating physician, the ALJ inappropriately relied on the opinions of the Commissioner's medical experts, a Dr. Stein and a Dr. Arthur Lebowitz. Neither of these experts examined Morales in person. Both testified only briefly and appeared to be relying solely on their review of the medical records. Moreover, unlike Dr. Abou-Fayssal, neither apparently was a neurologist – a specialty uniquely suited to diagnose MS.[2]

The ALJ's marginalization of Dr. Abou-Fayssal's opinion is further countermanded by failing to consider the specific characteristics of MS. It is a chronic, progressive condition that is subject to periods of remission and exacerbation. *See Wilcox v. Sullivan*, 917 F.2d 272, 277 (6th Cir.1990). When

---

[2] Dr. Lebowitz was an internist, and the record does not reference Dr. Stein's qualifications.

considering a claimant's MS, the ALJ must consider "the frequency and duration of the exacerbations, the length of the remissions, and the evidence of any permanent disabilities." *Wilcox*, 917 F.2d at 277. "[I]t is error to focus on periods of remission from the disease to determine whether the claimant has the ability to engage in substantial gainful employment." *Jones v. Secretary of HHS*, 35 F.3d 566 (6th Cir.1994) (unpublished).

The ALJ emphasized portions of the medical record that showed remission from MS while discounting sections that showed worsening symptoms. For example, the ALJ wrote:

> [C]laimant has had multiple sclerosis since 2007 but was able to engage in substantial gainful activity for number of years since then. While he worked in 2013 and early 2014, he stopped working because of an exacerbation in his condition. However, treatment records from Neurology Associates document largely normal neurological exams and indicate that despite the claimant's complaints, he had fairly good preservation of neurological functioning.

AR 19. This ignored the weight of evidence in the medical records and Dr. Abou-Fayssal's determination that Morales was unable to work. The medical records made clear that Morales' MS caused pain, substantially limited his physical functioning, and meaningfully affected his ability to concentrate. Dr. Abou-Fayssal's opinion was corroborated by objective evidence in the record, including MRI scans from 2015 that revealed significant damage to Morales' spinal cord and brain.

Federal courts decry "cherry picking" of relevance evidence, or inappropriately crediting evidence that supports administrative conclusions while disregarding differing evidence. *See Smith v. Bowen*, 687 F. Supp. 902, 904 (S.D.N.Y. 1988) (*citing Fiorello v. Heckler*, 725 F.2d 174, 17-76 (2d Cir. 1983)); *see also Scott v. Astrue*, 647 F.3d 734, 740 (7th Cir. 2011) ("The ALJ was not permitted to 'cherry-pick' from [a physician's] mixed results to support a denial of benefits." (internal citations omitted)); *Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004) ("The ALJ is not entitled to pick and choose from a medical opinion, using only those parts that are favorable to a finding of nondisability."),

MS poses unique problems in that regard. First, since it is an incurable, progressive medical condition, outdated clinical reports that do not accurately reflect the claimant's symptoms may be inappropriately emphasized. As Dr. Abou-Fayssal explained, "multiple sclerosis is a progressive disease that will lead to worsening condition and symptoms over time." AR 754. Second, since the disease features periods of "exacerbation" and worsening symptoms, followed by "remission," ALJs may be tempted to selectively interpret the medical record. *Parish v. Califano*, 642 F.2d 188, 193 (6th Cir. 1981). The ALJ's decision improperly emphasized those parts of the medical record that suggested Morales' symptoms were controlled while discounting the overall severity and progression of his illness.

6

Thus, Dr. Abou-Fayssal's opinion – that Morales was unable to work – was entitled to be afforded controlling weight. The Second Circuit has often explained that "reversal with remand for the calculation of benefits is appropriate when the record is so clear as to compel a conclusion." *Skrodzki v. Comm'r of Soc. Sec. Admin.*, 693 F.App'x 29, 29 (2d Cir. 2017); *see also Stacey v. Comm'r of Soc. Sec. Admin.*, 799 F.App'x 7, 11 (2d Cir. 2020); *Green-Younger v. Barnhart*, 335 F.3d 99, 109 (2d Cir. 2003); *Rosa v. Callahan*, 168 F.3d 72, 83 (2d Cir. 1999) ("where this Court has had no apparent basis to conclude that a more complete record might support the Commissioner's decision, we have opted simply to remand for a calculation of benefits"). Morales first applied for benefits in 2014. It is now 2020. The Court is convinced further litigation is unwarranted, and remand for the calculation of benefits is necessary.

## CONCLUSION

For the foregoing reasons, Morales' motion is GRANTED, the Commissioner's motion is DENIED, and the case is remanded to the Commissioner for the calculation of disability benefits.

**SO ORDERED.**

                                                          /S/ Frederic Block
                                                     FREDERIC BLOCK
                                                     Senior United States District Judge

Brooklyn, New York
September 25, 2020