UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
LEONARDO MORALES,

                Plaintiff,

  -against-

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.
-------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:18-cv-06906-FB

*Appearances:*
*For the Plaintiff*:
EDDY PIERRE PIERRE, ESQ.
Pierre Pierre Law, P.C.
211 East 43rd Street, Suite 608
New York, NY 10017

*For the Defendant*:
JACQUELYN KASULIS, ESQ.
Acting United States Attorney
Eastern District of New York
By: ARTHUR SWERDLOFF, ESQ.
Assistant United States Attorney
271 Cadman Plaza East, 7th Floor
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

      In a decision issued on September 25, 2020, this Court granted Leonardo Morales' motion for judgment on the pleadings and ordered remand for the calculation of benefits. *See* ECF No. 25. Pending is attorney Eddy Pierre Pierre's motion for approval of a contingency fee agreement ("the Agreement"), which requests that 25% of the plaintiff's past due benefits award be paid to counsel. For the following reasons, the plaintiff's motion is granted in part.

1

I.

Title 42, United States Code, Section 406(b) entitles prevailing plaintiffs in Social Security actions to "reasonable [attorney's] fee[s] [that are] not in excess of 25 percent of the total past-due benefits to which the plaintiff is entitled." The Supreme Court has held that 42 U.S.C. § 406(b)'s "reasonable fee" provision does not prohibit the use of contingency fee agreements, so long as they do not provide for a fee "in excess of 25 percent of the total past due benefits" and are "reasonable." *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002). Courts in the Second Circuit weigh three factors when assessing the reasonableness of a fee agreement: (1) whether the proposed fee is below the 25% statutory maximum; (2) whether the contingency fee agreement is the product of fraud or attorney overreach; and (3) whether the requested amount is so large as to be a windfall to the attorney. *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990).

Here, Pierre Pierre requests a fee of $35,829.25 for 39.53 attorney hours. This would produce an hourly rate of $906.38. As the Court sees no issues relating to the first or second factors, the critical question is whether the requested amount constitutes a windfall. The Court believes that it would.

The circumstances of this case are analogous to other cases in which Pierre Pierre has received a reduced fee, reflecting an effective hourly rate of $500, after achieving a favorable result for a Social Security claimant. *See, e.g., Arroyo v.*

*Comm'r of Soc. Sec.*, No. 14-CV-3513 (PKC), 2018 WL 2088013, at *3 (E.D.N.Y. May 4, 2018) (request for $14,000 for 19.7 hours of work by Pierre Pierre and his colleague Binder; award of $9,850); *Colon v. Berryhill*, No. 1:15-CV-06314 (PKC), 2018 WL 1730335, at *3 (E.D.N.Y. April 9, 2018) (request for $12,077 for 21.8 hours of work by Pierre Pierre and his colleague Binder; award of $10,900); A similar approach is appropriate in this case in order to:

> adequately compensate [counsel] for the time that they spent on this case, the risks that they accepted in [representing plaintiff] on a contingency basis, and the successful result they obtained for [him, while also] satisfy[ing] the underlying policy goal of ensuring that claimants have qualified counsel representing them in their social security appeals[.]

*Colon*, 2018 WL 1730335, at *3 (internal citation omitted). Accounting for inflation, the Court believes an award of $21,741.50 will reasonably compensate counsel at an hourly rate of $550.

The Court cannot deduct the $7,902.12 EAJA award from its final award, since the statute requires that "the claimant's attorney … refund to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 789. Accordingly, Pierre Pierre shall refund the $7,902.12 he received under the EAJA.

## CONCLUSION

The plaintiff's motion for attorney's fees is **GRANTED IN PART**. The Commissioner of the SSA is **ORDERED** to disburse $21,741.50 to Pierre Pierre

3

and the remainder to the plaintiff. Upon receipt of these funds, Pierre Pierre is **ORDERED** to refund the $7,902.12 awarded under the EAJA to the plaintiff.

**SO ORDERED.**

    /S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
August 4, 2020